Opinion delivered March 23, 1888.

---

## No. 2534.

### GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* JOHN DONNELLY.

1. NEGLIGENCE.—When an employe continues in the service after discovering defects in the machinery in use connected with the employment which endanger his safety, and which increase the risk ordinarily incident to the service, it is his duty to inform the employer, whose failure to repair in a reasonable time after his promise to do so will relieve the employe from any implied waiver of the defects until after a reasonable time has elapsed after the promise.

2. NEGLIGENCE.—A section foreman on a railway informed the company of the unsafe condition of the road bed from rotten ties, and was furnished by the company no material with which to repair it. Afterwards the road was broken up by a passing train, and the foreman soon afterwards, while passing that portion of the road in a hand car, in the performance of his duties, and in ignorance of the recent accident, while exercising due care, sustained injury by reason of the broken road. *Held*, the company was liable to him for the injury he received.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

The character of this case, in which the plaintiff recovered damages for personal injuries, is manifest from the opinion. The evidence, of which there was much, is quite too lengthy for insertion, and if given would not aid to a better understanding of the principles decided.

*J. W. Terry,* for appellant: The servant assumes all the known risk and dangers of the service, and if he has knowledge, or is chargeable with knowledge of defects in the track upon which he is working, he assumes the risk from such defects, unless the master has promised to remedy such defects, and then he may continue in the service for a reasonable time, provided a reasonably prudent man under the circumstances would have continued; and what is such reasonable time, and whether a prudent man would have so continued, are both questions for the jury. (Beach on Cont. Neg., 372; Cooley on Torts, sec. 559; Shearman & Redfield on Neg., sec. 96; Whart. on Neg., sec. 220; Belair v. Railway, 43 Iowa, 662; Crutchfield v. Railway, 78 N. C., 300; Conroy v. Vulcan Iron Works, 62 Mo., 35; Greene v. Railway, Minn., 15 Am. and Eng. Railway Cases, 214; Railway v. Kane, Id., 218; 2 Thompson on Neg., 1009, sec. 16; Hough v. Railway, 100 U. S., 213.)

Notwithstanding the master's promise to repair, or furnish material to repair, if the servant continues in the employment, knowing that the repair has not been made or the material has not been furnished, the servant is not relieved from the assumption of the risk. (Wharton on Neg., sec. 220; Crutchfield v. Railway, 78 N. C., 300; Belair v. Railway, 43 Iowa, 666.)

The third charge refused is: "If you believe from the evidence that plaintiff knew that the track was in a dangerous condition, and he undertook as section foreman to take charge of it and repair such track, and that he knew, with the number of men allowed him and with all necessary material, it would require him some time to place such track in good condition and remove such danger, then plaintiff assumed the risk of such danger until such time as the track could have been so repaired and such danger removed, and if he was injured during such period of time he can not recover." This was error. (Railway v. Brick, 98 N. Y., 212; Watson v. Railway, 58 Texas, 434; Railway v. O'Hare, 64 Texas, 600; Railway v. Bradford, 66 Texas, 732.)

*W. B. Denson* and *J. R. Burnett,* for appellee: Cited Railway v. Drew, 59 Texas, 12; Railway v. Larkin, 64 Texas, 455; Cooley on Torts, 559; Wood's Master and Servant, sections 360, 361, 380; Shearman and Redfield on Negligence, section 96; Patterson's Railway Accident Law, sections 287, 288, 335; Beach on Contributory Negligence, 373; Hough v. Railway, 100 United States,

213; Parody v. Railway, 15 Federal Reporter, 205; Snow v. Railway, 8 Allen, 441; Greene v. Railway, 31 Minnesota, 248; Missouri Furnace Company v. Abend, 107 Illinois, 44; Patterson v. Railway, 76 Pennsylvania State, 389; Conroy v. Vulcan Iron Works, 76 Missouri, 35; Thorpe v. Railway, 89 Missouri, 650; Laning v. Railway, 46 New York, 521; Brabbits v. Railway, 38 Wisconsin, 289; Manufacturing Company v. Morrissey, 40 Ohio State, 148.

COLLARD, JUDGE. There is a principle of law in the text books, well supported by authority and especially in this State by the opinion of Justice Stayton in the Drew case, 59 Texas, 12, that where an employe remains in the service of the employer after discovery of anything in the machinery or appliances connected with the service affecting his safety and rendering his employment more than ordinarily dangerous, he must inform the employer, as otherwise he assumes all the risk of increased danger; and if the employer promise to repair in a reasonable time, the servant will not be held to have waived the defects or assumed the risks until a reasonable time has elapsed after the promise. (Beach on Con. Neg., 372; Shear. & Red. on Neg., sec. 96.)

The principle is a modification of the severity of the rule that holds employes to assume all danger from defects known to them, or which might have been known by the use of ordinary care while in the service of the employer, the general rule being that he can not remain in the employment without assuming the risks.

The appellant says that no definite promise was made to appellee to furnish material for repairing the road; that if there was, the appellee could not remain in the service of the company longer than a reasonable time after such promise without assuming the risks known to exist, and that he should be held to have assumed the risks under the evidence He complains that the court refused to charge the jury upon request of appellant upon these phases of the case.

We do not think the court should have charged the jury as requested; the law contained in the refused charges was not applicable to the case. It does not appear from the case as made, that plaintiff applied for material to repair the road, or complained to the roadmaster of the bad condition of the road on account of increased danger to himself, in his employment

as section foreman. As such employe, he had charge of the track in his section; it was his duty to keep it in repair as well as he could with the material and force furnished. He was responsible for the condition of the road on his section. Finding it in bad condition—from five to seven rotten ties to the rail that ought to have been taken out and replaced with sound ties—he reported the facts to his superior, whose duty it was to furnish material and men to make repairs, he reported the unsafe condition of the road and demanded necessary material to discharge his duties to the company and the public. It does not appear that he did this, because he was himself in danger of being injured by the defects in the road, but because it was **his duty to so report to make the road safe for trains and to prevent wrecks of freight and passenger trains.** He was only using a hand car in the discharge of his duties; it is not shown that the road was dangerous for hand cars. It is shown that a hand car could not have broken the tie. A passenger train had passed over the road while he was at work on another part of the road, and the broken tie was attributed to the passenger train.

Because the plaintiff was in the discharge of his duty as a faithful servant of the company, and so ascertained the unsafe condition of the road to trains, and the liability of wrecks, and reported the facts to his superior, should he be required to quit the service of the company to avoid remote risks to himself not anticipated? Because plaintiff reasonably anticipated the happening of one event does not require him to foresee that the event will be the cause of another that might result in his injury. (Shear. & Red. on Neg., secs. 9, 10; Beach on Cont. Neg., sec. 11.)

If the track was in bad condition on account of the failure of defendant to furnish plaintiff with material to keep it in repair, plaintiff would be exonerated from all responsibility for its unsafe condition. If such was the case, and the road was broken up by a passing train, and plaintiff knew nothing of it, it having been recent, and he being at work on another portion of the road at the time, and in passing over the place in a hand car the first time after the tie was broken, he was exercising due care, and without fault or contributory negligence on his part he was injured, the defendant would be liable. The evidence makes such a case, according to our view of it. The court instructed the jury that the employe assumed all risks in-

cident to the nature and character of his employment, and also correctly charged the law of contributory negligence as applicable to the case, and the law of defendant's liability. We do not believe there was any occasion to give the charges asked by defendant and refused by the court.

We conclude the verdict should not be disturbed, and there being no error in refusing charges asked by defendant, or in the charge of the court, we are of opinion the case should be affirmed.

*Affirmed.*