TEXAS & NEW ORLEANS RAILROAD COMPANY v. W. L. BINGLE.          <span>91 287<br>91 351</span>

Motion No. 521.—Decided November 29, 1897.

**1.  Master and Servant—Risks Assumed—Promise to Repair.**

A servant who, becoming aware of a defect in machinery which he uses, informs the master and receives a promise to repair it, does not, by continuing in the employment in reliance upon such promise, assume the risk; and if injured thereby he may recover, provided it be found that a man of ordinary prudence, under all the circumstances, would have encountered the danger by continuing in the service. (Pp. 288-289.)

**2.  Same—Cases Discussed.**

Railway v. Brentford, 79 Texas, 619, distinguished, and Railway v. Bingle, 9 Texas Civ. App., 322, approved.   (Pp. 288-289.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in an appeal from Liberty County.

*Baker, Botts, Baker & Lovett,* in support of a motion for rehearing of application for writ of error.—Can a servant injured solely by reason of defects in the machinery or appliances which he is using recover of the master on account of such injuries when he had actual and positive knowledge before and at the time he was injured of the existence of the defect, notwithstanding he had called the master's attention to the defect, and the master had simply promised to remedy it?   Railway v. Brentford, 79 Texas, 624; Railway v. Williams, 82 Texas, 344; Railway v. Leash, 2 Texas Civ. App., 74; Railway v. Spear, 44 Mich., 172; Pierce, Railroads, 381; Wharton, Negligence, sec. 220; Railway v. Conroy, 83 Texas, 216; Railway v. French, 86 Texas, 99; Railway v. Bryant, 27 S. W. Rep., 825; Bishop, Contracts, sec. 839; Davis v. Bronson, 33 Am. St. Rep., 783; Leary v. Railway, 139 Mass., 587; Jones v. Railway, 31 S. W. Rep., 707.

Counsel also reviewed and discussed:   Railway v. Drew, 59 Texas, 10; Railway v. Brentford, 79 Texas, 619; Railway v. Donnelly, 70 Texas, 373; Railway v. Turner, 3 Texas Civ. App., 492; Railway v. Williams, 82 Texas, 343; Hough v. Railway, 100 U. S., 213; Shear. & Red., Negligence, sec. 96; Cooley, Torts, 559; Railway v. Bingle, 29 S. W. Rep., 674; Railway v. Babcock, 154 U. S., 200; Thorpe v. Railway, 2 S. W. Rep., 3; Huhn v. Railway, 92 Mo., 447; Settle v. Railway, 30 S. W. Rep., 125; Railway v. Watson, 114 Ind., 26; Wharton, Negligence, sec. 220; Clark v. Holmes, 7 Hurlst. & N., 737; Holmes v. Clark, 6 Hurlst. & N., 349; Thompson, Negligence, 1009.

GAINES, CHIEF JUSTICE.—The main question presented in the application in this case is one upon which there is a great conflict of authority, and which it would seem has never been quite definitely settled in this court. It has been before the court on more than one occasion and its difficulty has been recognized. Therefore, before we passed upon the application in this case, we examined the question with great care and reviewed the authorities,—with the result that we were of opinion that the Court of Civil Appeals did not err in its disposition of the case.

However, counsel for the applicant have filed a motion for a rehearing and have supported it by an argument upon the principal question, which manifests great zeal and ability. We have therefore reconsidered the point, but have found no good reason to change our opinion.

It is not our practice in passing upon applications for writs of error to express our views in writing, but considering the importance of the question before us and the unsettled state of the authorities upon it, we have deemed it best to state briefly our conclusions.

The servant by entering the employment of the master assumes all the ordinary risks incident to the business, but not those arising from the master's neglect. It is the duty of the master to exercise ordinary care to furnish him a safe place in which to work, safe machinery and appliances, to select careful and skillful co-workers, and in case of a dangerous and complicated business to make such reasonable rules for its conduct as may be proper to protect the servants employed therein. The servant has the right to rely upon the assumption that the master has done his duty; but if he becomes apprised that he has not and learns that the machinery is defective, the place unnecessarily dangerous, or that proper rules are not enforced, he assumes the risk incident to that condition of affairs, unless he informs the master and the latter promises to correct the evil. In this latter event, so long as he has reasonable grounds to expect and does expect that the master will fulfill his promise, he does not by continuing in the employment assume the additional risk arising from the master's neglect. If he then be injured by reason of that neglect, he may recover, provided it be found that a man of ordinary prudence under all the circumstances would have encountered the danger by continuing in the service. This we understand to be the rule in the English courts. It is the rule in the Supreme Court of the United States and is supported by the weight of authority.

We do not think that these views are in conflict with the opinion in the case of the Gulf, Colorado & Santa Fe Ry. Co. against Brentford, 79 Texas, 619. The question was not presented in that case. There it was distinctly held, that the "boss" whose promise was relied upon to take the case out of the general rule as to assumption of known risks by the servant, was held to be not the representative of the master, and that his promise was not the promise of the company. But in the course of his opinion, Chief Justice Stayton uses this language: "This

being true, it is difficult to perceive that there should be a difference, on grounds of policy or justice, between the liability of the employer based on an implied promise or obligation and request and that based upon an express promise to repair and request to continue in the service, in any case in which the employe knows that the defect has not been repaired, but continues to use the defective thing or to work without something known to him to be necessary to his safety." This we take to be rather an expression of dissatisfaction with the reasoning upon which the rule is supported, than a declaration against the existence of the rule itself. Following the remarks just quoted, the learned Chief Justice says: "In such case the question of contributory negligence or no must be left to the jury," and in support of the proposition he cites the following cases: Laning v. Railway, 49 N. Y., 521; Clark v. Holmes, 7 Hurlst. & N., 942; Ford v. Railway, 110 Mass., 261; Patterson v. Railway, 76 Pa. St., 394; Conroy v. Iron Works, 62 Mo., 36; Keegan v. Kavanaugh, 62 Mo., 233; Hough v. Railway, 100 U. S., 214. All of which except that from Massachusetts and one of the Missouri cases distinctly support the doctrine announced by us. Clark v. Holmes and Hough v. Railway are leading cases on the question.

Our purpose in writing this opinion being merely to formulate our conclusions upon an important and somewhat vexed question, we content ourselves by referring to the opinion of Mr. Justice Williams in this case upon the first appeal for a full and satisfactory discussion of the point. 29 S. W. Rep., 674.

The other questions raised by the motion for a rehearing were also correctly disposed of by the Court of Civil Appeals, and it is therefore overruled.

*Writ of error refused.*