## Texas & Pacific Railway Company v. Alethe E. McClane.

### Decided October 17, 1900.

**1. Master and Servant—Assumed Risk—Railway Company—Safe Track.**

A railway locomotive engineer assumes all the risks ordinarily incident to the business, but he has the right to presume that the company will furnish him with a reasonably safe track over which to operate its trains, and he does not assume any risks that may be brought about by reason of the company's negligence in that respect, unless he knew of such.

**2. Same—Defective Track—Other Causes Contributing.**

Where the engine struck a cow on the track, and by reason thereof, and of the defective and rotten condition of the track at that point, the engine was derailed and the engineer killed, the company was liable, although the primary cause of the derailment was the striking of the cow.

Appeal from El Paso. Tried below before Hon. J. M. Goggin.

*Edwards & Edwards* and *W. M. Peticolas,* for appellant.

*Patterson & Wallace,* for appellee.

FLY, Associate Justice.—Appellee sued appellant, alleging that her husband, Richard McClane, was an engineer in the employ of appellant, and lost his life through the derailment of the engine in his charge, which was caused by the negligence of appellant in failing to keep its track in proper repair. The jury returned a verdict for $10,000, and from a judgment based upon it appellant has perfected this appeal.

We are of the opinion that the facts are sufficient to sustain the allegation of negligence, and that deceased was ignorant of the bad condition of the track.

The court charged as follows: "One who enters the employment of a railway company as a locomotive engineer assumes all the risks that are ordinarily incident to the business, but he may presume that the company will furnish him with a reasonably safe track over which to operate its locomotives and trains, and he does not assume any risks that may be brought about by reason of the company's negligence, unless he knew of such."

This charge is attacked on the ground that it is not the law that the engineer could presume that the railway company would furnish a reasonably safe track, but that he could presume that it would use all ordinary diligence to do so, and that the court should have instructed the jury that the engineer assumed the risks attending the defective track, if by the exercise of ordinary care he might have known of it. Neither of the objections should be sustained.

It was the duty of appellant to use ordinary care in keeping its roadbed in a reasonably safe condition and the trainmen were authorized to assume that appellant had exercised such care and diligence and that the track was in a reasonably safe condition. Railway v. Taylor, 79 Texas, 104. The testimony does not sustain the contention that it was the duty of deceased to inspect the track and report its condition, the utmost that can be extracted from the evidence being that if an engineer saw a defect he should report it. Deceased was authorized to assume that the track was in a reasonably safe condition, and he could not be held to have assumed the risks arising from the condition of the track, unless he was chargeable with knowledge of such condition. Railway v. Slinkard, 17 Texas Civ. App., 585; Railway v. Bookrum, 57 S. W. Rep., 919; Railway v. Bonnet, 89 Texas, 72; Railway v. Bingle, 91 Texas, 287; Railway v. Hannig, 91 Texas, 347. In the last named case it is said: "We understand the law to be that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks

arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or in the ordinary discharge of his duties must necessarily have acquired the knowledge."

There is no conflict between the charge copied above and the subsequent portions of the charge as claimed by appellant.

It was not error to refuse to give the ninth special instruction requested by appellant, as the substance of it was embodied in the charge of the court.

It is contended by appellant that there is a variance between the allegations and proof, and this contention is based on the assumption that the petition gives as the sole cause of the derailment, the spreading of the rails, and that the proof showed that there was no such spreading of the rails. The assumption can not be maintained, because there are other causes assigned for the derailment, and there is testimony tending to show that the rails did spread.

In the fourth and seventh counts of the petition it was alleged: "4. Plaintiff avers and charges that on or about the 8th day of September, 1897, at or about 1 o'clock a. m., while the said Richard McClane was in the discharge of his duty as engineer, and while he was in charge of said engine as aforesaid, and when in about — miles from the station known and called Wild Horse, in said El Paso County, Texas, the engine and train suddenly ran into and collided with a cow or other animal which was then and there upon the track or roadbed of the defendant company; that at the time of said collision it was very dark, and said deceased did not see or discover said animal in time to avoid a collision, but that as soon as he discovered said animal he immediately applied the brakes and used all of his power and means to stop the engine and train to avoid such collision, but without any fault or negligence on his part said engine struck and collided with said animal; that as soon as said engine collided with said animal, said engine and a portion of said train left the rails and was derailed and wrecked; that said derailment and wreck was caused by and through the carelessness and negligence of said defendant company, its servants, agents, and employes, in this, to wit, that the said defendant company had carelessly and negligently allowed its roadbed and track to become unsafe and defective in this, to wit, that the width of the crown of the roadbed or dump was narrow and was not of sufficient width to support engines and trains; that the cross-ties were worn out, decayed, and worthless, and were not properly ballasted with dirt under the ends; that the roadbed was unsurfaced and uneven and was not filled in and evened up with dirt between the rails and cross-ties; that the rails were defectively, carelessly, and only partially spiked to the cross-ties; that in consequence of said carelessness and negligence upon the part of the defendant company, its servants, agents, and other employes, the said engine and train was wrecked as aforesaid, resulting in the immediate death of said Richard McClane."

"7. Plaintiff avers and charges that defendant company, its servants, agents, and employes, was guilty of gross negligence in allowing its track and roadbed to be and remain in a defective, unsafe, and dangerous

condition, and in allowing said roadbed to be and remain full of old, rotten, and defective ties, and allowing the dump or crown to become insufficient, narrow, and dangerous; that if said roadbed and track had been in a reasonably safe condition, said derailment and wreck would not have occurred; but plaintiff avers and charges that the defective, unsafe, and dangerous condition of said roadbed and the uneven and unsurfaced condition of the roadbed and dump and the old and rotten cross-ties being allowed to remain in said roadbed at this time and place, directly caused and contributed to the derailment of said engine and train and the consequent death of said Richard McClane."

The roadbed was shown to be in the defective condition alleged, and whether the rails spread or not, if the derailment occurred through such defects, appellant was liable. It would not matter that the primary cause of the derailment was the striking of a cow; if the condition of the track was such that it contributed to the derailment, appellant would be liable. Railway v. Green (Texas Civ. App.), 36 S. W. Rep., 812; same case, 90 Texas, 256.

We conclude that the judgment of the District Court should be affirmed.

*Affirmed.*

Writ of error refused.