Gulf, Colorado & Santa Fe Railway Company v.
J. F. Davis.

Decided March 23, 1904.

**1.—Master and Servant—Duty of Servant to Inspect Appliances—Assumed Risk—Charge.**

A servant is not required to exercise even ordinary care to discover defects, though patent, in appliances furnished by the master, but could assume that they were safe, and in acting upon such assumption assumed no risk unless he actually knew of such defects. Charge on assumed risk held correct.

**2.—Charge—Modification by Court.**

The court has authority to modify a charge asked by a party and give it to the jury without rewriting the whole charge.

**3.—General and Special Charges.**

There is no error in refusing special requested charges upon issues covered by the general charge.

**4.—Charge—Negligence—Proximate Cause.**

Charge upon negligence and proximate cause of injury to plaintiff caused by the breaking of a defective truck held correct when read in connection with other paragraphs of the charge.

**5.—Servant—Duty to Inspect Appliances.**

Evidence held not to show a duty of servant engaging in moving freight on a truck to inspect the appliances used by him.

Appeal from the District Court of Johnson. Tried below before Hon. Wm. Poindexter.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*S. C. Padelford,* for appellee.

FLY, Associate Justice.—Appellee, in a trial before a jury, recovered the sum of $3500 for personal injuries resulting from a defective truck that he was using in the roundhouse of appellant.

Appellee was employed by appellant as a cleaner and sweeper in its roundhouse in Cleburne, Texas. It was his duty to keep the roundhouse clean and to carry out material not in use and store it in a place provided for it. Things too heavy to be carried by hand were carried out on trucks provided by appellant for that purpose. On March 5, 1903, in pursuance of his duty, appellee proceeded to carry out some trestles that had been in use by workmen in repairing an engine tank. He got a truck, from among those furnished by appellant, and rolled it to the side of the trestle and inserted its iron toe under the trestle and caught hold of it with one hand and sought to pull it on the truck. The left hand corner of the truck, being fractured, gave way and the trestle fell and caused the handle of the truck to fly upward and strike appellee in his stomach and inflicted serious and permanent injury on him. The break in the toe-piece was an old one, but was not discovered by appellee. Had the truck been in proper repair the accident would not have occurred. The toe of the truck consists of pieces of iron extending from handles on the side in front of the wheels and is used to insert

under any object desired to be carried on the 'truck. Appellant's round-house foreman, under whom appellee worked, knew of the defect in the truck before it was used by appellee.

The duty of inspecting the appliances furnished by appellant did not devolve upon appellee. He could act upon the assumption that the tools furnished him by appellant were reasonably safe, and was not required to exercise ordinary care to discover whether they were safe or not. Unless he knew that the truck was defective he did not assume the risk attendant upon its use. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347. Appellee swore that he had no knowledge of the defect, and the jury were justified in finding that he did not know of it. The mere fact that the defect may have been open and patent did not charge appellee, as a matter of law, with knowledge of the defect. The jury might have concluded if the defect was open and visible that appellee knew of it, but they might also have concluded that he did not know of it. He was not charged with the exercise of even ordinary care in discovering defects in appliances furnished him by the master. He could act with perfect assurance that the appliances were safe. The opinion or conclusion of the foreman that appellee should have selected a good truck, did not indicate that any duty of inspection devolved upon him. The duties of his employment preclude the idea that he owed any duty of inspecting the tools and appliances of appellant.

The court did not err in modifying a charge on assumed risks asked by appellant, by adding thereto that appellee "did not assume risks caused by the negligence of the defendant company of which he was ignorant." A charge very similar in its terms was approved by this court in the case of the San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324, and the decision met with the approval of the Supreme Court. In that case the trial court gave the following instruction: "One who enters the service of a railroad company assumes the risks ordinarily incident to the work, but he does not assume any risk arising by reason of the company's negligence, unless he knows it." That charge was approved by this court as stating generally, but correctly, the rule laid down by the Supreme Court in the Hannig case. Section 12 of the charge of the court was not objected to, and it embodies the same doctrine as that given in the modification of the special charge.

If appellee was ignorant of the defect in the toe-piece of the truck, he did not actually know of it, and neither was the defect so obvious and patent that he was charged with knowledge of it. Ignorance of the defect carried with it a lack of knowledge of any kind of the defect in the truck, and the modification of the charge requested by appellant merely made it conform to the rule announced in the Engelhorn case as well as decisions of the Supreme Court. Bonnet v. Railway, 89 Texas, 72; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287.

There is no force in the contention that a trial court has no authority to modify a charge asked by a party, but must give it, if at all, in the

precise language requested. In support of this proposition the case of Southern Cotton P. & M. Co. v. Bradley, 52 Texas, 587, is cited and supports the contention, but in the case of Missouri Pac. Ry. Co. v. Williams, 75 Texas, 4, that doctrine is modified. The court in the latter case said: "In Compress Company v. Bradley, 52 Texas, 587, it is said that the judge should give or refuse a charge asked in the very terms of the request, and that if he wishes to give it with a qualification he should rewrite the instructions embodying the qualification. We think, however, that when a modification is appended to a requested charge in such a manner as to show the precise charge asked, and the precise modification, and the whole is intelligible to the jury, that no injury results to the party making the request."

Charges number 3, 6, 7 and 8, requested by appellant, were on the question of knowledge of the defects in the truck and assumption of the risk arising from its use. That issue had been presented in several forms in the charge and it was unnecessary to repeat it.

The seventh paragraph of the charge is as follows: "It was the duty of the defendant company to use ordinary care to furnish trucks to be used by the plaintiff in removing trestles from the roundhouse reasonably sufficient and safe for the purpose, and to use the same care to keep the same repaired and in a reasonably safe and sound condition, and if it failed to use such care, such failure would be negligence, and if plaintiff was injured as alleged and if such negligence of the defendant company was the proximate cause thereof, then plaintiff could recover." The ground of objection to the charge is that it permitted a recovery without reference to the knowledge appellant had of the defect in the truck. The charge is an absolutely correct proposition. If appellee knew of the defect in the truck the proximate cause of the injury was his negligence, and the jury could not, under subsequent charges, have found that the injury was the proximate result of the negligence of appellant. The criticised paragraph should be read in connection with and in the light of the ninth charge, in which it is stated that if appellee at the time he undertook to use the truck "knew of the broken and defective condition of the toe of said truck, if the same was broken or defective, or if in the discharge of his duties in the roundhouse, or in the course of his employment, you believe that he must necessarily have known of the broken and defective condition of said toe upon said truck, if the same was defective, and nevertheless undertook to use the same, then in either of said events you should find for the defendant and against the plaintiff, although you may believe that the toe upon said truck was broken and defective and that defendant was negligent in permitting and allowing same to become and remain in said condition, and although you may believe that plaintiff was injured and damaged as alleged." Proximate cause was defined in another paragraph.

The eighth paragraph of the charge correctly states a sound legal proposition. Under the evidence no duty of inspection rested upon appellee and he could assume that the truck was in good condition, and the

court did not err in so declaring. No matter what appellant's theory of the duties of inspection may have been, it was not supported by testimony and was properly disregarded by the court. The evidence relied upon by appellant to sustain its theory is that of Butler, who stated: "It is the duty of the man using the truck or machinery to see what character of truck or machinery he is getting. If he gets hold of a truck that is defective, there is nothing to prevent him getting another one." There is nothing in the evidence that tends to prove that it was the duty of appellee to inspect the trucks. It was merely a declaration of the witness that appellee was to use care in selecting the appliance to be used by him. If it made an inspector of appellee it converted every employe of the railroad company into an inspector for the same duty seems to rest upon all of them.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.