Medlin Milling Company v. B. J. Schmidt.

Decided February 19, 1910.

**1.—Master and Servant—Defective Machinery—Promise to Repair—Assumed Risk.**

Although an employee knows that machinery which he is using is defective, he does not assume the risk arising from its use after he has informed his employer of the defect and the employer has promised to repair the same, so long as he has reasonable ground to expect and does expect the employer to fulfill his promise, and provided that a man of ordinary prudence would have continued the service under all the circumstances.

**2.—Same—Case Stated.**

In a suit by an employee against his employer for damages for personal injuries caused by his hand being caught in revolving wheels over which there was no guard to prevent such an occurrence, evidence considered and held sufficient to support a finding that plaintiff was entitled to recover although he knew of the defect in the machinery with which he was required to work.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Bryan & Spoonts,* for appellant.—A servant is relieved of the assumption of risk arising from the use of machinery or appliances which he knows to be defective only so long as is reasonably necessary to do the work of repairing such appliance. Hilje v. Hettich, 95 Texas, 321; Labatt on Master and Servant, sections 290b and 425; 26 Cyc., 1213.

*McLean & Carlock,* for appellee.—The servant has the right to rely upon the assumption that the master has done his duty with respect to furnishing him a reasonably safe place in which to work, reasonably safe machinery and appliances to work with, and if he becomes apprised that the master has not done so, and learns that the machinery is defective, or the place unnecessarily dangerous, he assumes the risk incident to that condition of affairs, unless he informs the master and the latter promises to correct the evil. In this latter event, so long as he has reasonable grounds to expect and does expect that the master will fulfill his promise, he does not, by continuing in the employment, assume the additional risk arising from the master's neglect. If he then be injured by reason of that neglect, he may recover, provided it be found that a man of ordinary prudence under all the circumstances, would have encountered the danger by continuing in the service. Texas & N. O. R. Co. v. Bingle, 91 Texas, 288. It will be observed that the Brentford case in 79 Texas, 619, relied on by counsel for appellant, is practically overruled in so far as the above point is involved, by the later and better considered decision of the Supreme Court in the Bingle case. Missouri, K. & T. Ry. Co. v. Baker, 35 Texas Civ. App., 542; Gulf, C. & S. F. Ry. Co. v. Donnelly, 70 Texas, 371; Hilje v. Hettich, 95 Texas, 325; Hough v. Texas & P. Ry. Co., 100 U. S., 213; Dowd v. Erie Ry. Co. (N. J.), 57 Atl., 249. (The attention of the court is particularly called to

the foregoing case, as it is a well considered case by an able court, and almost as nearly like the facts of this case in its main features as it is possible for two different cases to be.) Rice v. Eureka Paper Co. (N. Y. Court of Appeals), 62 L. R. A., 611; 1 vol. Labatt, 1185 to 1213.

The question (1) whether the risk incident to the doing of the work plaintiff was attempting to do when injured was so obviously dangerous as that no man of reasonable prudence would have undertaken the same; (2) whether a man of reasonable prudence would have undertaken the service, or continued in the service of the defendant at said time under the circumstances; (3) whether in doing the work in question the plaintiff was exercising reasonable care under all the circumstances, were questions of fact properly submitted to the jury and admitting of diverse inferences upon the testimony, and such being the case the verdict of the jury, finding support in the testimony, will not be disturbed by the Appellate Court. Dowd v. Erie Ry. Co., 57 Atl., 250; Rice v. Eureka Paper Co., 62 L. R. A., 611; Hough v. T. & P. Ry. Co., 100 U. S. 213; Galveston Oil Co. v. Thompson, 76 Texas, 237; Fort Worth & R. G. Ry. Co. v. Day, 55 Texas Civ. App., 24; Waggoner v. Porterfield, 55 Texas Civ. App., 169.

DUNKLIN, ASSOCIATE JUSTICE.—The Medlin Milling Company has appealed from a judgment rendered against it in favor of B. J. Schmidt, who sued to recover damages for injury to his hand while working in defendant's mill. Schmidt was an employe of the defendant company at the time of his injury, and while so employed his hand was caught and crushed between revolving wheels of some of the machinery of the mill. Over these wheels there was no guard to prevent such an accident and plaintiff alleged that defendant was guilty of negligence in failing to provide such an appliance. · He further alleged that he called the attention of the defendant's foreman and vice-principal to the absence of such a guard and to the necessity therefor; that thereupon he was assured by the foreman that such a guard would be provided; that plaintiff had continued in the defendant's employment relying upon the performance of such promise, and that the time intervening between the date of the promise and the date of the injury was a reasonable time for plaintiff to await the performance of the promise.

Upon the trial plaintiff testified that the promise to repair alleged in his petition was made on Wednesday or Thursday, and that the accident happened on the following Monday. According to his testimony, immediately before the accident plaintiff by the use of a wrench was attempting to unscrew a bolthead on some part of the milling machinery situated near the wheels in which his hand was caught and while so engaged the wrench slipped and caused his hand to be suddenly thrust between the wheels. Plaintiff further testified that at the time he undertook to do this work he knew that the foreman had not complied with his promise to provide a guard to protect defendant's employes from the danger of getting their hands into those wheels, and that he knew of such danger, but thought he could

perform the service he was attempting in such manner as to avoid injury.

Appellant insists that the trial court should have given a peremptory instruction in favor of the defendant, the contention being made that plaintiff's own testimony showed conclusively that his injury was the result of a risk assumed by him, or else as a result of his own contributory negligence. In the case of Texas & N. O. Ry. v. Bingle, 91 Texas, 288, our Supreme Court says: "The servant by entering the employment of the master assumes all the ordinary risks incident to the business, but not those arising from the master's neglect. It is the duty of the master to exercise ordinary care to furnish him a safe place in which to work, safe machinery and appliances, to select careful and skillful coworkers, and in case of a dangerous and complicated business to make such reasonable rules for its conduct as may be proper to protect the servants employed therein. The servant has the right to rely upon the assumption that the master has done his duty; but if he becomes apprised that he has not and learns that the machinery is defective, the place unnecessarily dangerous, or that proper rules are not enforced, he assumes the risk incident to that condition of affairs, unless he informs the master and the latter promises to correct the evil. In this latter event, so long as he has reasonable grounds to expect and does expect that the master will fulfill his promise, he does not by continuing in the employment assume the additional risk arising from the master's neglect. If he then be injured by reason of that neglect, he may recover, provided it be found that a man of ordinary prudence under all the circumstances would have encountered the danger by continuing in the service. This we understand to be the rule in the English courts. It is the rule in the Supreme Court of the United States and is supported by the weight of authority." See also Hilje v. Hettich, 95 Texas, 325; Gulf, C. & S. F. Ry. v. Donnelly, 70 Texas, 371.

In view of plaintiff's testimony of the alleged promise by defendant's foreman to provide a guard over the wheels in which plaintiff's hand was caught, and the time intervening between that promise and the date of the accident, it could not be said that plaintiff assumed the risk of injury to himself even though at the time of the accident he knew of the danger, unless his testimony showed conclusively as a matter of law that at the time of the injury he had no reasonable grounds to expect that the promise to repair would be fulfilled.

Neither could it be said that the evidence showed conclusively as a matter of law that he himself was guilty of negligence proximately contributing to his injury. The determination of those issues was exclusively within the province of the jury. The case was tried before a jury and the issues of assumed risk and contributory negligence were fully and fairly presented and consequently there was no error in the court's refusal to give the several instructions specially requested by the defendant, the refusal of which has been made the basis of other assignments presented in appellant's brief.

We have found no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.