**HINES, Director General of Railroads, v. WICKS. (No. 7893.)**

(Court of Civil Appeals of Texas. Galveston. April 1, 1920.)

**1. Master and servant ⊛217(13) — Assumption of risk by railroad truckman.**

Railroad station employé, who drew truck loaded with trunks along a cement walk, knowing that walk had broken places in it, though lights had been turned out, so he could not see, *held* to have assumed risk of injury, when trunk was jostled off on him.

**2. Commerce ⊛27(5) — Injury to railroad truckman held in "interstate commerce."**

Employé, who was handling trunks, some of which had come on a direct train from Louisiana to Texas, *held* injured in "interstate commerce," so that the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) controlled.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

**3. Appeal and error ⊛1175(7)—Rendition of judgment for proper party.**

Where case was tried below without a jury, all facts were fully developed, and the undisputed evidence showed defendant was entitled to judgment, the trial court's judgment for plaintiff will be reversed on appeal to the Court of Civil Appeals, and judgment rendered for defendant, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1626.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Ralph Wicks against Walker D. Hines, Director General of Railroads. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Andrews, Streetman, Logue & Mobley, M. E. Kurth, and E. J. Fountain, all of Houston, for appellant.

GRAVES, J. Three hundred dollars damages for personal injuries were allowed in this case upon substantially this state of facts:

While the appellee, as an employé of the Director General of Railroads, about 8:30 o'clock one night, was drawing from the car towards the baggageroom a truck loaded with trunks—some of which had come on a through train from New Orleans, La., to Houston, Tex.—along one of the cement walks maintained for that purpose by the Director General at the Union Station in Houston, he was injured by the falling of one of the trunks from the truck; the cement walk at the place where the trunk fell had small broken places, or holes in it, which the appellee—because of the fact that the

lights serving the station shed had been turned out before that time—could not see, and as he was proceeding to draw his truck along the walk, these irregularities in its surface caused the trunk to jostle off and fall upon him.

The trial court, upon undisputed evidence —indeed, mainly from his own testimony— not only finds that the appellee was engaged at the time of his injury in interstate commerce, but specifically that he knew of these irregularities in the walk, and that he proceeded to draw the truck from the baggage car toward the baggageroom door after the lights had been turned off so that he could not see them. Touching his knowledge of the condition of the walk and the absence of the lights, the appellee testified:

"The 'point of accident' was up toward the curve, where I turned to take the trunks up to the baggageroom. It was dark down there. They generally turned the lights off before I got through with my work. They did not do it all the time. They oftentimes did it. They did it frequently. I know they did it frequently. I went to work down there at 3 o'clock. I have seen that platform in the daytime. I had seen those holes."

"I have seen trunks fall off down there a good many times. They jostle off sometimes, then roll off. I have seen them roll off down there. I knew that time that they did roll off occasionally. I worked for them in the daytime and at nighttime. I had seen the condition of all the walks around there during the day and at night. They turned the lights off before I knew it that night. They frequently turned them off. I knew it."

Among other defenses, the Director General, the appellant here, set up the fact that as a common carrier by railroad he was then engaged in handling interstate commerce and averred that the appellee, by reason of having had full prior knowledge of the dangers and hazards of the service he was so engaged in with appellant, assumed the risk of injury therefrom. Despite the admitted fact, thus found by the court, that appellee did have previous knowledge of the hazards and dangers he declared upon in his petition as proximately causing his injuries, a conclusion was stated that he did not assume the risk of the injury he suffered from them, and judgment was rendered in his favor.

[1] We think the court erred; that under the uncontroverted facts the defense of assumed risk was established by the appellant and constituted a complete bar to the action.

[2] That the facts presented constituted the transaction one in furtherance of interstate commerce, as a consequence of which the federal act upon the subject (U. S. Comp. St. §§ 8657–8665) controlled the relations of the parties, is well settled under both state and national authority. Railway Co. v. Seale, 229 U. S. 156, 33 Sup.

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156; Pedersen v. Railway Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Howard v. Illinois Central (Employers' Liability Cases), 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297; Mondou v. Railway Co. (Second Employers' Liability Cases) 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Railway Co. v. Carr, 238 U. S. 260, 35 Sup. Ct. 780, 59 L. Ed. 1298; Railway Co. v. De Bord (Sup.) 192 S. W. 767; Railway Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Railway Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 56 L. Ed. 591, Ann. Cas. 1914C, 159. That in such instances the defense of assumed risk applies is likewise from the same sources authoritatively declared. Railway v. De Bord (Sup.) 192 S. W. 767; United States Compiled Statutes 1916, §§ 8657–8660; Railway Co. v. Horton, 239 U. S. 595, 36 Sup. Ct. 180, 60 L. Ed. 458; Id., 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Railway Co. v. Bradford, 66 Tex. 732, 2 S. W. 595, 59 Am. Rep. 639; Rogers v. Galveston City Ry. Co., 76 Tex. 502, 13 S. W. 540; Railway Co. v. Brentford, 79 Tex. 619, 15 S. W. 561, 23 Am. St. Rep. 377; Railway Co. v. Bingle, 91 Tex. 287, 42 S. W. 971; Seaboard Air Line Ry. Co. v. Horton, 239 U. S. 595, 36 Sup. Ct. 180, 60 L. Ed. 458; Id., 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Railway Co. v. Hall, 232 U. S. 101, 58 L. Ed. 524.[1]

There was no attempt by the employé here to bring his case under the exception to this rule stated in section 8660 (section 4 of the act) of the federal statutes referred to; that is, where the violation of a statute enacted for the employé's safety contributes to his injury. His cause of action was based solely upon allegations that the carrier had been guilty of negligence toward him in allowing its platform or walk to become full of holes, which condition of ill repair, it was charged, had been aggravated by the fact that it had also negligently extinguished the lights, so that it was impossible for him, in drawing trucks over the platform, to avoid the holes. It follows that the case actually pleaded and proved came directly within the ban of the federal law, as declared by the unbroken line of authorities cited.

[3] The cause was tried below before the court without a jury, the facts were all fully developed, and, since the undisputed evidence shows that the Director General was entitled to a judgment under his plea of assumed risk, the trial court's judgment will be reversed, and judgment will be here rendered in favor of appellant. Article 1626, Vernon's Sayles' Revised Civil Statutes 1914; Wm. Miller & Sons v. Wayman, 157 S. W. 197; Marshall v. Beason, 165 S. W. 75;

Ball, Carden & Co. v. Ridgell, 171 S. W. 503; Quill v. Railway Co., 93 Tex. 616, 55 S. W. 1126, 57 S. W. 948.

Reversed and rendered.