## BUCHANAN & GILDER V. PABLO MURAYDA.

Decided January 12, 1910.

#### 1.—Master and Servant—Place to Work—Duty of Master.

It is the duty of the master to exercise ordinary care to furnish his servant a reasonably safe place to work, but this rule does not apply where the place becomes unsafe during the progress of the work. Said duty is positive and non-delegable, and the failure of the master to discharge it is negligence and renders him liable for any injury arising therefrom although the negligence of a third party may have concurred in producing the injury.

#### 2.—Same—Assumption of Risk.

The servant does not assume the risk of his master's negligence unless he knows or is charged with knowledge thereof and of the danger arising therefrom.

#### 3.—Same—Accident.

The master is not liable to his servant for an injury which results from pure accident or from causes which could not reasonably have been anticipated, unaccompanied by lack of ordinary care on the master's part. But the fact that an accident was so unusual and extraordinary that it could not reasonably have been expected to happen does not relieve the master from the effect of negligence on his part; and where an injury is such as might have been reasonably anticipated, he is liable if his negligence proximately caused the same.

#### 4.—Same—Independent Contractor.

The master is not liable to his servant for the negligent act of the servant of an independent contractor; but if the master is negligent and the negligence of a servant of such contractor, or any one else, concurs with his own in causing injury to his servant, he is as much liable as he would be if the injury had been caused by his negligent act alone.

#### 5.—Same—Negligence—Question of Fact.

Negligence is primarily a question of fact for the jury, and if there be any evidence reasonably tending to show its existence and that it was the proximate cause of an injury complained of, the finding of a jury upon such issue will not be disturbed on appeal.

#### 6.—Same—Case Stated.

The plaintiff was employed by the owner in the construction of a stairway in a building in course of construction; the plaintiff was at work on the second floor; between the fourth and fifth floors independent contractors engaged in plastering the building had placed a ladder in the stair shaft; the owner knew of the ladder and that it was not fastened, braced or secured in any way, and that in several different ways it might be caused to fall through the stair shaft; the ladder was caused to fall by an act of an employee of the independent contractor. Held, the negligence of the employee of the contractor simply concurred with that of the owner of the building, and the owner would not be relieved from the consequences of his own negligence; nor could it be said as matter of law under the evidence that plaintiff's injuries resulted from an unavoidable accident or from causes which could not have been reasonably anticipated.

#### 7.—Fellow Servants—Independent Contractor.

The employees of an independent contractor cannot be fellow servants with the employees of others engaged upon the same structure.

Appeal from the Thirty-Seventh Judicial District, Bexar County. Tried below before Hon. Edward Dwyer.

*Onion & Henry,* for appellants.—The court erred in refusing to give defendants special requested charge No. 1, which was as follows: "Gentlemen of the jury, you are instructed that the evidence shows no liability on the part of Buchanan & Gilder and you will therefore return a verdict in favor of defendants," for the reason, among others, that there was no evidence in the case which showed any negligence that would support a judgment for plaintiff against defendants, and because the undisputed evidence shows that the injuries of plaintiff were directly and proximately caused by the acts of Kuhlman & Blue and their employes, and the evidence clearly showing beyond dispute that said Kuhlman & Blue were independent contractors and that defendants were in no manner liable for the acts of said Kuhlman & Blue or their employes. Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 278; Insurance Co. v. Tweed, 7 Wall., 52; International & G. N. R. Co. v. Ormond, 64 Texas, 489; Wood on Master and Servant, 658; Missouri Pac. Ry. Co. v. Columbia, 58 L. R. A., 404; South Side P. Ry. Co. v. Trich, 117 Pa., 390 (11 Atl., 627); 1 Thompson on Negligence, sec. 622; Groesbeck v. Pinson, 50 S. W., 622; Wallace v. Southern Oil Co., 91 Texas, 21; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 7; Texas & P. Ry. Co. v. Bigham, 90 Texas, 225; Brush L. & P. Co. v. Lefevre, 93 Texas, 607; Cunningham v. International & G. N. R. Co., 51 Texas, 510; Brandon v. Gulf City C. P. & M. Mfg. Co., 51 Texas, 128; Insurance Co. v. Boon, 95 U. S., 117; Chattanooga L. & P. Co. v. Hodges, 60 L. R. A., 461; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 469; Schaeffer v. Jackson, 18 L. R. A., 100; Neeley v. Ft. Worth & R. G. Ry. Co., 96 Texas, 274; Collins v. West Jersey Exp. Co., 5 L. R. A., 373 (N. S.); American B. Co. v. Seeds, 11 L. R. A., 1045 (N. S.); Russell v. German F. Ins. Co., 10 L. R. A., 329 (N. S.); Missouri Valley B. & I. Co. v. Ballard, 116 S. W., 93; Burton v. Galveston, H. & S. A. Ry. Co., 61 Texas, 535.

The court erred in refusing to give special charge No. 1 requested by defendants, for the reason that there was no evidence to sustain a judgment against defendants, and because if, as held by the trial court, Kuhlman & Blue were not independent contractors, and their acts did not proximately cause the injuries to plaintiff, then the acts complained of by plaintiff, as causing his injuries, were those of his fellow servants, for which defendants can not be held liable. Dallas v. Gulf, C. & S. F. Ry. Co., 61 Texas, 201; Wood on Master and Servant, 893; 12 Enc. Law, 1015-1016.

The court erred in refusing to give special charge No. 1, requested by defendants for the reason, that no such negligence is shown on the part of defendants as to authorize a judgment against them, and because plaintiff being employed in the erection and construction of the Frost building assumed the risk, and hence, defendants are not liable. 4 Thompson on Negligence, secs. 4831-4001; International & G. N. R. Co. v. Hester, 64 Texas, 403; Allen v. Galveston, H. & S. A. Ry. Co., 14 Texas Civ. App., 344; Finalyson v. Utica M. & M. Co., 67 Fed., 510; Gulf, C. & S. F. Ry. Co. v. Jackson, 65 Fed., 48.

The accident, by reason of which appellee was injured, was an unforeseen accident which could not be reasonably anticipated by

appellants and hence they are not liable. International & G. N. R. Co. v. Hester, 64 Texas, 403; McGrell v. Buffalo Office Building Co., 153 N. Y., 265; Dougan v. Champlain Transportation Co., 56 N. Y., 1; Lafflin v. Buffalo & S. W. Ry. Co., 106 N. Y., 136; Loftus v. Union Ferry Co., 84 N. Y., 455; Mossir v. New York C. & H. R. Ry. Co., 106 N. Y., 678; Frobisher v. Transportation Co., 151 N. Y., 431; Sejnore v. Hallinan, 153 N. Y., 278.

The master will not be liable where the manner or use, and not the faulty construction of the appliance, causes the injury. Allen v. Galveston, H. & S. A. Ry. Co., 14 Texas Civ. App., 344; Armour v. Hahn, 111 U. S., 313; 4 Thompson on Negligence, sec. 3953; Kreigh v. Westinghouse, 11 L. R. A., 684 (N. S.); Porter v. Silver Creek & M. Coal Co., 84 Wis., 424; Young v. Burlington M. Co., 44 N. W., 693; Jennings v. Iron Bay Co., 49 N. W., 685; Finalyson v. Utica M. & M. Co., 67 Fed., 507; 4 Thompson on Negligence, secs. 4001-4852; 20 Enc. Law, 76, 80.

An independent contractor, within the meaning of the rule, is one who renders services in the course of an occupation, representing the will of his employer only as to the result of his work and not as to the means by which it is to be accomplished. 1 Thompson on Negligence, secs. 622-689; Groesbeck v. Pinson, 50 S. W., 622; Cunningham v. International & G. N. R. Co., 51 Texas, 503; Cunningham v. Moore, 55 Texas, 376; 16 Enc. Law, 195; Missouri Val. B. & I. Co. v. Ballard, 116 S. W., 93.

The court erred in charging the jury: "If you believe from the evidence that it was negligence on the part of defendants to permit said ladder to be and remain in such position, if you find it was in such position, and that such negligence, if any, was the direct and proximate cause of plaintiff's injury, if any; and if you further believe from the evidence plaintiff was not guilty of contributory negligence and did not assume the risk, then your verdict should be for plaintiff," for the reasons that the evidence being undisputed that the acts of the employes of Kuhlman & Blue was the proximate cause of the accident, the court should have so charged as a matter of law, and for the further reason that the plaintiff being an employe in the construction of a building, assumed the risk of such an accident, and the court should have so charged. Missouri Pac. Ry. Co. v. Columbia, 58 L. R. A., 404; Armour v. Hahn, 111 U. S., 313; Allen v. Galveston, H. & S. A. Ry. Co., 14 Texas Civ. App., 344; 4 Thompson on Negligence, sec. 3953; Insurance Co. v. Boon, 95 U. S., 117; American Bridge Co. v. Seeds, 11 L. R. A., 1041 (N. S.); South Side P. Ry. Co. v. Trich, 117 Pa., 390 (11 Atl., 627); Chattanooga L. & P. Co. v. Hodges, 60 L. R. A., 461; Bunting v. Hogsett, 12 L. R. A., 268; Stone v. Boston & A. Ry. Co., 41 L. R. A., 794; Holman v. Boston Land & Security Co., 45 Pac., 519; Butcher v. Hyde, 46 N. E., 305.

*Anderson & Belden* and *Perry J. Lewis, H. C. Carter,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an action brought by appel-

lee against appellants to recover damages for personal injuries alleged to have been inflicted by the latters' negligence.

It was alleged by plaintiff, in substance, that on May 5, 1908, while he was in the employ of defendants as a common laborer in the construction of a certain building in the city of San Antonio and at work in it in the discharge of the duty of his employment, a ladder, which defendants had negligently caused and permitted to remain in an insecure position, fell from above the place where he was working upon him, seriously and permanently injuring him; that defendants had negligently caused and permitted the ladder to occupy an insecure, precarious, unfastened and dangerous condition above the place where plaintiff was at work under defendants' orders and instructions, the ladder being so dangerously and negligently placed and ,suspended as likely to fall at any moment of its own weight or by reason of vibration or the slightest interference or shaking of the building which was in process of construction; that while he was in the discharge of the duty of his employment at the place where he had been ordered and directed by defendants to work, by reason of defendants' negligence in placing and permitting the ladder to be so placed and suspended in such an unsafe and dangerous position and failing in any manner to secure and fasten the same, it fell upon him as aforestated. That he did not know whether the ladder fell of its own weight or by reason of the vibration caused by the work progressing in the building or by reason of someone or some object coming in contact therewith; but that the dangerous and insecure position of the ladder, placed and suspended by defendants and negligently permitted by them to so remain, directly caused or contributed to its fall and his consequent injuries, for that it could not have fallen had it been properly fastened and secured in position. The petition then alleges the character and extent of plaintiff's injuries and the damages sustained by reason of defendants' alleged negligence.

The defendants, after interposing a general demurrer and denial to the petition, pleaded: (1) that if plaintiff was injured his injuries were not caused by them, but through the agency of independent contractors, Kuhlman & Blue, or their employes or some person else than defendants or their employes; (2) assumed risk; (3) unavoidable and unforeseen accident which could not be anticipated by them or their servants; (4) contributory negligence; and (5) negligence of a fellow servant.

The general demurrer to plaintiff's petition was overruled, the case tried before a jury, and the trial resulted in a verdict and judgment in his favor for the sum of $10,000.

As the first, second, third, fourth, fifth and sixth assignments of error complain of the court's refusal to give, at defendants' request, certain special charges, corresponding in number to the assignments, peremptorily instructing the jury to return a verdict for defendants, we will dispose of such assignments in arriving at our conclusions of fact.

The evidence so clearly shows the following facts, that they may be regarded as indisputable:

1.  On or about May 5, 1908, the defendants were the contractors

engaged in the erection and construction of the Frost Building, in the city of San Antonio, Texas, and had been such contractors and engaged in such work for some time prior thereto. 2. The firm of Kuhlman & Blue were sub-contractors of the defendants for plastering the building; and it may be assumed, for the purpose of this case, that they were what are technically called "independent contractors," over whom, nor their employes, the defendants had no control in doing their work. 3. On the same day there was a ladder in the shaft for the stairway extending from the fourth to the fifth floor, the lower end of which rested upon the fourth floor and the other leaned against the fifth, extending several inches above. This ladder had been placed there for some time prior to said date by defendants for the use of the workmen in ascending and descending to and from the fifth floor. It was not in any way fastened at either end or made secure or stable in its position, and was liable at any time to fall or be thrown down by the vibration of the building or by persons at work thereon or by objects handled by them coming in contact therewith. 4. The defendants knew of such instability of the ladder, of its liability to be displaced and fall down the stair shaft, and that if it should so fall that it was liable to strike and injure any of their servants at work in the shaft beneath the fourth floor of the building. 5. The plaintiff, who was on said day in the employ of defendants as a laborer on said building, having been in such employment a day and a half, was by his employers put to work in constructing the stairway in the shaft on the second floor, and while at work there under their directions the ladder by some cause was displaced and fell upon him and fractured his skull and hurt his shoulder, whereby he was seriously and permanently injured to his damage in the sum of $10,000.

These facts leave for our determination the questions: (1) whether the injuries to plaintiff were caused by negligence of the defendants? and (2), if they were, whether plaintiff was guilty of any negligence contributing to his injuries? An affirmative finding on the first of these questions will also demonstrate that plaintiff's injuries were not proximately caused by any risk assumed by him as incident to his employment, nor by an unavoidable accident, nor by the negligent act of a fellow servant. Therefore, before determining the two principal questions thus stated, we will enunciate the principles of law applicable and make our findings of fact on such issue in the light of such enunciations.

These principles may be regarded as postulates:

1. It is the duty of the master to exercise ordinary care to furnish his servant a reasonably safe place to work, but this rule does not apply where the place becomes unsafe during the progress of the work. This duty is positive and nondelegable, and the failure of the master to discharge it is negligence and renders him liable for an injury arising therefrom, although the negligence of a third party may have concurred in producing it.

2. The servant does not assume the risk of his master's negligence, unless he knows or is charged with the knowledge thereof, and of the danger arising therefrom.

3.  The master is not liable to his servant for an injury which results from pure accident, or from causes which could not be reasonably anticipated, unaccompanied by lack of ordinary care on the master's part.  But the fact that an accident was so unusual and extraordinary that it could not reasonably have been expected to happen does not relieve the master from the effect of his negligence; but where an injury is such as might have been reasonably anticipated, he is liable if his negligence proximately caused such injury.

4.  The master is not liable to his servant for the negligent act of the servant of an independent contractor; but if the master is negligent and the negligence of the servant of such a contractor, or anyone else, concurs with his own in causing an injury to his servant, he is as much liable as he would be if the injury had been caused by his negligent act alone.

5.  Negligence is primarily a question of fact for the jury, and if there be any evidence reasonably tending to show its existence and that it was the proximate cause of an injury complained of, the finding of a jury upon such issue will not be disturbed on appeal.

In view of the indisputable facts hereinbefore stated, it can not be said, as a matter of law, that the defendants were not guilty of the negligence upon which this action against them is founded.  They knew or were charged with knowledge of the position of the ladder in relation to the place where they put plaintiff; that it was not fastened, braced or in any way secured so as to prevent it from falling down the shaft of the stairway, and that it might be caused to fall by the workmen in the building or the materials they were handling coming in contact with it; that if it should fall, it was liable to strike and injure the plaintiff, whom they had put to work in the shaft on the second floor beneath; that, like a dead-fall, it had only to be thrown to crush any human being in its way beneath it.  To say that the jury was not warranted in finding that defendants failed to exercise ordinary care in providing the plaintiff a safe place to work, would, to our minds, in view of the facts, be preposterous.  If, as the evidence seems to show, the ladder was displaced and caused to fall by reason of a mortar box, which was being carried to the fifth floor by the employe of Kuhlman & Blue coming in contact with it, the defendants would not, on that account, be relieved from the consequence of their negligence.  For if it should be conceded that the servants of the independent contractors were negligent in bringing the mortar box in contact with the ladder (which the evidence wholly fails to show), their negligence would simply be a concurrence with that of defendants' in causing plaintiff's injuries.

Nor can it be said, in view of the evidence, as a matter of law, that plaintiff's injuries resulted from an unavoidable accident, or from causes which could not have been reasonably anticipated by defendants from maintaining an unfastened and insecure ladder in a position above where their servants were at work.  See El Paso & N. W. Ry. v. McComas, 36 Texas Civ. App., 170; Gulf, C. & S. F. Ry. v. Hayter, 93 Texas, 239, 47 L. R. A., 325, 77 Am. St. Rep., 856; El Paso Elec. Ry. v. Furber, 45 Texas Civ. App., 348; St. Louis S. W. Ry. v. Murdock, 116 S. W., 139; Missouri, K. & T. Ry. v.

Harrison, 120 S. W., 255; Duerler Mfg. Co. v. Eichhorn, 44 Texas Civ. App., 638; Doyle v. Chicago, St. P. & K. C. Ry. Co., 77 Iowa, 607, 42 N. W., 555, 4 L. R. A., 420; Reed v. Missouri, K. & T. Ry., 68 S. W. (Mo.), 364. Certainly, it can not be said, in view of the evidence in this case, as a matter of law, that plaintiff's injuries resulted from an accident pure and simple, unmixed with any act of negligence on the part of the defendants proximately contributing thereto. On the contrary, the jury were fully warranted in finding that his injuries were proximately caused by defendants' negligence as alleged in his petition.

If, as is insisted by the defendants, the ladder was displaced by the employes of Kuhlman & Blue, whom defendants claim were independent contractors, if its displacement were the act of negligence upon which this action is based, it is clear that plaintiff's injuries were not caused by the negligence of his fellow servants. For if, as defendants contend, Kuhlman & Blue were independent contractors, their employes were not plaintiff's fellow servants. But that is neither here nor there. It was not the displacement of the ladder, but placing it unsecured where it was by defendants and putting plaintiff to work beneath it where he might be injured by its fall if displaced, which constituted the negligence averred and proved. This was a breach of defendants' obligation to use ordinary care to furnish plaintiff a reasonably safe place to work; and as the duty could not be delegated to another, such negligence, which was the proximate cause of plaintiff's injuries, could not be that of his fellow servant.

Nor is there anything tending to show that plaintiff's injuries resulted from a risk assumed by him as incident to his employment. The place where he was injured did not become dangerous during the progress of the work he was doing, but was dangerous when defendants put him there to do the work. And, as there is no evidence tending to show that he knew of the insecure or unstable position and condition of the ladder, he can not be said to have assumed the risk of its falling and injuring him while he was at work.

There is not a bit of evidence squinting in the direction of negligence towards the plaintiff.

Therefore, we find as matters of fact that defendants were guilty of the negligence alleged against them; that such negligence was the proximate cause of plaintiff's injuries, and that he was guilty of no negligence contributing thereto. As is before intimated, these findings involve the further facts that plaintiff's injuries were not caused by an unavoidable accident, nor an assumed risk, nor from the negligence of a fellow servant. We, therefore, overrule defendants' first, second, third, fourth, fifth and sixth assignments of error.

*Conclusions of law.*—1. The seventh assignment of error, which complains of the court's refusal of special charge No. 4, is overruled, because the fifth special charge, given at their request, directs the jury to find for defendants if they believe from the evidence that plaintiff's injuries were caused by the employes of Kuhlman & Blue in knocking down the ladder which fell and struck him. This is more favorable to defendants than the one which the assignment complains

of the court's refusing; for it, in effect, assumes that defendants were not liable for such act, if done by the servants of Kuhlman & Blue. Whereas, under the one refused, the jury would have to find that Kuhlman & Blue were independent contractors in order to find for the defendants.

2. The eighth assignment of error complains that the verdict is directly contrary to the fifth special charge given at defendants' request. It will be observed that the assignment does not complain of any error made by the trial court, but of the jury's finding upon an issue submitted at defendants' request. If, as is here contended, the undisputed evidence shows as a matter of law that plaintiff's injuries were directly and proximately caused by the employes of Kuhlman & Blue in knocking down the ladder which struck him, defendants should not have requested the submission of such a fact as an issue. But, as will be seen from our conclusions of fact, that evidence does not conclusively show that plaintiff's injuries were *directly* and *proximately* caused by such act of the employes of Kuhlman & Blue.

3. The ninth assignment of error is directed against the first paragraph of the court's charge. When the entire charge, including the special charges given at the instance of defendants, is read and construed in connection with the part complained of, it is apparent that it is not obnoxious to any of the objections urged under the assignment.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.