### CITY OF TYLER v. KELLY et al.
### No. 6328.

Court of Civil Appeals of Texas. Texarkana.
March 17, 1948.

Rehearing Denied April 1, 1948.

HARVEY, Justice.

·The surviving wife and children of G. E. Kelly, deceased, and his widowed mother brought suit in the District Court of Smith County, Texas, against the City of Tyler for damages by reason· of the accidental death of G. E. Kelly while he was employed in certain work for the City of Tyler. From a judgment entered by the court in favor of the plaintiffs for the sum of $8,200.00, based upon answers to special issues submitted to a jury, the City of Tyler has perfected this appeal.

At the outset, we are confronted with the proposition as to whether or not G. E. Kelly at the time he received the injuries that resulted in his death was engaged in work for the City of Tyler which it was having done as a governmental function. If the work that was being done by Kelly at the time he received his accidental injuries was being performed for the City of Tyler in the exercise of its governmental functions, as opposed to its corporate or proprietary capacity, the City of Tyler was immune from tort liability for damages growing out of the accident in question. On the other hand, if the City of Tyler was having the work done in its proprietary capacity, it would be liable for its tortious acts to the same extent and under the same rules of law that any individual or private corporation would be liable under similar circumstances. We quote from the case of the City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am.Rep. 517:

"In so far, however, as they (municipal corporations) exercise powers not of this character, voluntarily assumed,—powers intended for the private advantage and benefit of the locality and its inhabitants,— there seems to be no sufficient reason why they should be relieved from that liability to suit and measure of actual damage to which an individual or private corporation exercising the same powers for a purpose essentially private would be liable." Ostrom v. City of San Antonio, 94 Tex. 523, 62 S.W. 909; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57; Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W. 2d 565.

Troy Smith, of Tyler, for appellant.

Pollard, Lawrence, Blackburn, Reeves, Crawford & Jarrel, of Tyler, for appellees.

**770**

■ In the instant case the City of Tyler had purchased some private property for the purpose of using it as a part of a street; on this land in question was a structure, privately built, in the nature of a culvert or arch over a creek, which was a natural drainage for the surrounding area owned for the most part by private property owners; the structure in question, originally 50 feet long, was about 10 feet in length at the time of the accident, 5 or 6 feet in width, and about 6 feet high. The testimony is in accord that the city had ordered the bridge or archway dismantled in order to remove the hazard to people who were using it as a walk-way, as well as to remove portions of the debris that had fallen into the branch or creek under it and thereby created an obstruction to the natural drainage of the locality. The cases cited by appellant, including the case of the City of Gladewater v. Evans, by this court, Tex.Civ.App., 116 S.W.2d 486, and relied upon by it, deal with situations in which the municipalities in question were engaged in the construction of sanitary sewers, or other projects essentially of a public or governmental nature, and in the furtherance of the duties incumbent upon such municipal corporations to protect the public health within their limits, or for the benefit of the public at large. We are of of the opinion that under the facts of this case the City of Tyler, in undertaking to remove the hazardous situation that existed by reason of the dangerous culvert or structure on its city-owned premises, which was being used as a foot-way by children and others in that vicinity, and to avoid possible liability for damages growing out of some accidental injury to any of such parties, along with the further purpose of removing debris that might fall from the arched culvert and thereby obstruct the natural drainage course at that point, was acting in its proprietary capacity and was not immune from liability for the accidental death of its employee based on the theory that the workman was engaged in doing something ordered to be done by the City of Tyler in the exercise of its governmental functions. Jones v. City of Texarkana, Tex.Civ.App., 100 S.W.2d 198.

The jury in answer to issues submitted to them by the court found that G. E. Kelly was not furnished a safe place to work; was not warned of the danger that was known to the defendant in the trial below; and that the City of Tyler did not make an inspection of the premises where he was assigned to work, each of which omissions on the part of defendant was found to be negligence, proximately causing the fatal injury to Kelly. We shall omit discussing the legal effects of the first issue with reference to the finding by the jury that the workman was not furnished a safe place in which to work, and the application of the rule that an employer is under no obligation to provide reasonably safe places and structures for his employees to work upon in cases where the buildings and structures are in process of being dismantled, and by reason thereof, in the very nature of things, are dangerous. The rule to which we make reference is stated in 35 Am.Jur. 615:

"The safe place to work rule can have only a modified application if indeed any at all, where the employee injured is himself required to make it safe or is engaged in putting it in proper repair."

In view of the other fact findings of the jury, we pretermit a discussion of the point involved in the first finding of the jury relating to whether or not the employee was furnished a safe place in which to work.

■ With respect to the finding that Kelly was not warned of the danger which was known to the appellant, and that no inspection of the premises was made by the appellant when the employee was sent to do the work in question, each such finding has support in the evidence. The city engineer testified that he was familiar with the construction of the culvert; that on three occasions portions of it had fallen in, the concrete was thin and he thought the structure was dangerous, and there was good reason to believe that the rest of it would fall in. Kelly had made the statement that he thought the structure was safe; that he had helped build it, and that it was reinforced. It is thus apparent that the appllant had knowledge of the unsafe condition of the culvert and that Kelly was not aware of its

dangerous nature. The Superintendent of Streets for the city, as well as the foreman in charge of the work, did not make an inspection of the premises prior to sending Kelly and others to work on it. On the occasion in question, the agents of the appellant knew that a dangerous and unsafe condition existed and that the arch was likely to collapse. Kelly thought it was in a different condition; in this he was mistaken, however. He was not warned or told better by his superiors, and there was no examination of the work made by them prior to putting the men to work. Under these facts, we are of the opinion that the jury's findings in regard to a failure to inspect, as well as a failure to warn Kelly of the unsafe and dangerous condition of the structure he was assigned to work upon, have support in the testimony. Marshall v. St. Louis Southwestern Ry. Co. of Texas, Tex.Civ.App., 107 S.W. 883.

Appellant contends that G. E. Kelly's conduct in undertaking the work with the knowledge he had was a defense to this cause of action, and that he assumed the risk incident to the work. In addition, the contention is made that he was guilty of contributory negligence. The jury exonerated Kelly of being guilty of various acts of negligence and contributory negligence; they found that in working on the culvert on the occasion in question, Kelly acted upon his own assumed knowledge of its safety. In answer to another question, however, the jury found that he did not voluntarily place himself upon the culvert with a knowledge of its condition and the risk incident to his work thereon in the condition in which it was at the time. The jury finding that Kelly acted on his own assumed knowledge of the condition of the culvert when he went to work upon it, is not a basis for, nor does it warrant a conclusion as a matter of law, that he assumed the risk of the work undertaken, or that he was guilty of contributory negligence. He was under a misapprehension as to the dangerous condition of the premises; he thought it was safe to work upon. In this he was in error. Had he known it was dangerous to engage in working upon the arch, or if the conditions existing were of such a nature as to make it obvious to him that the place was unsafe in which to work, then a different situation would be presented with respect to the issue of assumed risk and of contributory negligence on his part. 30 Tex.Jur., Sec. 29, p. 678; Buchanan & Gilder v. Murayda, 58 Tex.Civ.App. 473, 124 S.W. 973; Galveston, H. & S.A.R. Co. v. Dickens, Tex.Civ.App., 170 S.W. 835.

The other points assigned as error have been examined and respectfully are overruled.

The judgment of the trial court is affirmed.