SAN ANTONIO & A. P. RY. CO. et al. v.
COOK.  (No. 475.) *

Court of Civil Appeals of Texas.  Waco.
March 10, 1927.

Rehearing Denied March 31, 1927.

1. **Master and servant** ⬳217(13)—**Truckster held to have assumed risk of injury from splinters caused by running trucks over freight car floor.**

Truckster, having knowledge that freight car floor would be splintered by running trucks over it, injured by sticking splinter into his foot, *held* to have assumed this risk of injury, as risk incidental to unloading freight car.

2. **Master and servant** ⬳107(5)—**Railway held not liable for injury to truckster from splinter caused by trucks running over freight car floor.**

Where freight was unloaded from car by hand trucks, which in being operated splintered the floor of car so that there was no means of preventing such condition during the progress of work, railway company *held* not liable for injury to truckster unloading freight car resulting from running splinter into his foot.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by Steve (son) Cook against the San Antonio & Aransas Pass Railway Company and others. Judgment for plaintiff and defendants appeal. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, and Taylor & Atkinson, of Waco, for appellants.

F. M. Fitzpatrick and I. Mack Wood, both of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee against appellants to recover damages he suffered by reason of an injury which he received while in appellants' employ. The cause was tried to the court and resulted in judgment being rendered for appellee for $600.

The trial court filed findings of fact and conclusions of law, and there is also in the record a full statement of facts. The material facts are undisputed. Appellee was an experienced truckster and was employed by appellant to handle a truck in loading and unloading freight from cars at its depot. In unloading cars of freight appellants would frequently have three or four strings of cars, and same would be unloaded by taking the freight out of the one nearest the wharf and then going through that car by a bridge to the second car and unloading it, and thence to the third and fourth. At the time of the injury, appellee, with two other men, were unloading an interstate car of freight from the third track, each of the men using a hand truck, and it required about an hour and a half to unload a car. Just before they had finished unloading the car, appellee, in going through car No. 1, which was an empty, stuck a splinter, which he testified was about the size of a lead pencil and from six to ten inches long, in his foot, from which he suffered the injury of which complaint is made. There is no evidence as to whether the car through which the freight was being trucked was a new or old car, nor as to the condition of the bottom of the car either before or after the accident. Neither the appellants nor the appellee inspected the car either before or after the accident to see whether there were any splinters loose, or as to whether the car was rough or splintered on the bottom. Appellee testified he knew that trucks running over the bottom of the car were calculated to and likely would cause same to splinter. There is no evidence showing that the car in question was in any way splintered or rough at the time they began unloading it, and nothing to show when it became splintered. Appellee testified that the car was open, and that there was nothing to prevent his seeing the bottom of the car if he had wanted to look, except that it was beginning to get dark. The evidence shows that the accident occurred about 7:30 in the evening, and that the sun set about 8 o'clock at that time of the year. The record shows without dispute, and the trial court found, that the car had not been inspected by either appellants or appellee before the accident, and that the condition of the floor could have been seen by both appellants and appellee, since its condition was open, patent, and obvious to each of them, and its condition could have been ascertained by either of them if same had been examined.

The trial court concluded as a matter of law that the appellants were negligent in furnishing appellee a car within which to work, and through which he had to pass, that was in a dangerous, unsafe, and splintered condition, and was negligent in failing to furnish appellee with a reasonably safe place to perform the work he was engaged in performing at the time he received his injuries. The court further found as a matter of law that appellee did not assume the risk of the injury received by him and was not guilty of contributory negligence, and found his damages to be $600, for which judgment was rendered.

[1] Appellants contend that the trial court was in error in holding as a matter of law they were guilty of negligence in failing to furnish a reasonably safe place for appellee to work; and, further, that the court was in error in holding that as a matter of law appellee did not assume the risk of the injury received by him. Appellants contend that since appellee at the time he was injured

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 11, 1927.
293 S.W.—13

was engaged in interstate commerce, he assumed the risk and dangers which were as obvious to him as they were to appellants, and assumed those risks of danger incident to his employment of which he had equal knowledge or means of knowledge as appellants, and that since the splinter which caused appellee's injury was as apparent to appellee as it could possibly be to appellants, and since it appears without dispute that appellee knew that by running the trucks over the bottom of the car it was likely to cause it to splinter, he assumed all of the risks which in any way occasioned or contributed to the injury, and that for said reasons appellants were not liable. We sustain these contentions. In the early case of G., H. & S. A. Ry. Co. v. Lempe, 59 Tex. 19, the Supreme Court quoted with approval the rule that—

"When a servant enters into the employ of another, he assumes all the risks ordinarily incident to the business, and as between himself and the master he is supposed to have contracted on those terms. * * * Where the servant has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself if he goes on with it."

This rule has been followed by an unbroken line of decisions. Rogers v. Galveston City Railroad Co., 76 Tex. 502, 13 S. W. 540; Texas & Pacific Ry. Co. v. French, 86 Tex. 96, 23 S. W. 642; St. L. S. W. Ry. Co. v. Hynson, 101 Tex. 543, 109 S. W. 929; Ft. W. & D. C. Ry. Co. v. Goodfellow (Tex. Civ. App.) 280 S. W. 619; Hines v. Wicks (Tex. Civ. App.) 220 S. W. 581; Bonnet v. G. H. & S. A. Ry. Co., 89 Tex. 72, 33 S. W. 334; T. & N. O. Ry. Co. v. Bingle, 91 Tex. 287, 42 S. W. 971.

Another rule of law which we think is equally as well settled is stated in Adams v. Consumers' Lignite Co. (Tex. Civ. App.) 138 S. W. 1178 (writ denied), as follows:

"The well-established general rule that the master must exercise ordinary care to furnish his servant a reasonably safe place to work has no application where the place becomes unsafe during the progress of the work. In such case 'the hazards arising as the work proceeds are regarded as being the ordinary dangers of the employment, and by his acceptance of the employment the servant necessarily assumes them.' * * * 'One special application of the general conception underlying the rule stated in the preceding section is that where the work is of such a character that, as it progresses, the environment of the servant must necessarily undergo frequent changes, the master is not bound to protect the servant engaged in its employ against the dangers resulting from those changes.' "

To the same effect is the holding in Gulf, C. & S. F. Ry. Co. v. Drennan (Tex. Civ. App.) 204 S. W. 691, and Armour & Co. v. Dumas, 43 Tex. Civ. App. 36, 95 S. W. 710.

As we view the undisputed facts in this record, we are convinced that appellee is not entitled to recover, not only because of his having assumed the risk, but because the condition which caused the injury might have occurred at any moment after appellee began the performance of the labor without any fault on the part of appellants, and without their being in any way responsible therefor or being able to prevent it or detect it in time to have prevented the injury.

[2] It appears that all the parties were familiar with the rule and custom of appellants whereby the freight was unloaded from the cars by hand trucks, and that in the operation thereof the floors of the cars were liable at any time to become splintered. There was no way of telling or determining when the car would become splintered, or what particular load carried on the truck would cause same. It is further apparent that appellee had as much opportunity as appellants to see the condition of the floor, and, as stated in Texas & Pacific Ry. Co. v. French, supra, "has equal knowledge with the master of the danger incident to the work." Appellee, by having accepted the employment as a truckster with full knowledge of the fact that the running of the trucks over the floors of the cars would likely cause same to be splintered, and with the opportunity on his part to observe the condition of the floor, assumed all the risk incident thereto.

The facts in this case being fully developed, the judgment of the trial court is reversed, and judgment here rendered for appellants.